WILLIAM C. DAVIS

*v.*

SALEM COUNTY MUTUAL FIRE INSURANCE COMPANY.

[Submitted July 20th, 1915. Determined November 22d, 1915.]

Where the assignee of a policy of fire insurance, before the premiums for 1912, 1913 and 1914 became due January 1st, received a notice from the insurer in pursuance to which he had a receipt endorsed on his policy for the premium due, at the same time signing a receipt for a dividend due him from the company, for the same amount as the premiums, but in 1915, when likewise a dividend in the amount of the premium was due, he received no notice from the insurer, neglecting to pay his premium until January 12th, when it notified him that his policy had lapsed, whereupon he applied for reinstatement, which was refused, the insurer, by its conduct for the three years preceding 1915, waived its contractual right under the policy to forfeit the assignee's right to renew or continue it, more especially because no injury to the insurer could arise by reason of its being denied the money due as a premium.

On bill to reinstate policy of insurance.   On hearing on motion to strike out bill.

By the present bill complainant seeks a decree of this court reinstating a policy of fire insurance which defendant company has declared "lapsed" by reason of complainant's failure to pay a premium on the day specified in the policy for that purpose. The specific ground for relief is that January 1st, 1915, the day on which an annual premium should have been paid by complainant, there was due to complainant from defendant company a dividend of the same amount as the premium, and that complainant's failure to pay the premium on that day was properly attributable to the conduct of defendant company.   Defendant company has moved to strike out the bill for want of equity.

The bill alleges that defendant is a mutual fire insurance company incorporated under the laws of this state, and that by its plan of insurance its policies represent shareholders' interests in the company and entitle the policyholders to a credit for dividends as and when declared by the company; that the policy here in question was issued to complainant's predecessor in title January 1st, 1893, and insured the owner of a certain property therein described (which property is now owned by complainant) against loss by fire to the 1st day of January then next, and to each succeeding 1st day of January thereafter upon the payment of the necessary premium on the 1st day of January of each year; that a stipulation attached to the policy provided that if default should at any time be made in the payment of a premium after it became due,

"then the liability of the said company to the said insured, their executors administrators or assigns for any losses or damages occurring shall cease and determine; provided, nevertheless, that if the said insured shall, within thirty days after the expiration aforesaid, make application to the directors for renewal of the insurance on the property aforesaid and shall make payment of all arrearages due and owing to said company, then and in that case, the directors may, in their discretion, revive or renew the policy of insurance as fully and effectually as if a re-survey had been made and another policy executed;"

that defendant purchased the insured property October 7th, 1911, and the policy of insurance was then assigned to com-

plainant and the assignment approved by the insurance company; that at that time all premiums had been paid to January 1st, 1912; that the premiums for the years 1912, 1913 and 1914, respectively, became due January 1st of each of said years, and prior to their becoming due in each of said years a notice was sent by defendant company to complainant directing him to call at the office of the agent of the company and have a receipt endorsed on his policy for the premium, and at the same time sign a receipt for a dividend due to him from the company, the dividends in each of said years being the same amount as the premiums; that complainant exchanged receipts in the manner stated for the year 1912 on January 5th of that year, for the year 1913 on January 4th of that year, and for the year 1914 on January 5th of that year; that on January 1st, 1915, a dividend in like manner accrued to complainant of the same amount as the premium which was payable on that day; that complainant fully expected that defendant would for the year 1915 follow the same course of dealing that had been pursued for the three preceding years, and would send a like notice to complainant directing him where to go to have receipts exchanged, but no notice was received, and on January 12th, 1915, he received notice from defendant company that his policy had lapsed; that complainant then applied to the company for reinstatement, but reinstatement was refused. Complainant tenders himself ready and willing to present his policy and exchange receipts or pay the premium which was due January 1st, 1915.

*Mr. Joseph Beck Tyler,* for the complainant.

*Mr. Charles Mecum* and *Mr. Thomas G. Hilliard,* for the defendant.

LEAMING, V. C.

I am satisfied that the motion of defendant, which has been made to test the sufficiency of complainant's bill, must be denied. For the three years preceding January 1st, 1915, the premiums which fell due on January 1st of each year had been offset by dividends of the same amounts falling due on the same days.

No money payments for the premiums for those years had been exacted by the insurance company; on the contrary, the method of payment directed by the company in each of those years was an exchange of receipts, and an exchange of receipts after the due day of the premiums had been in each year apparently satisfactory to the company. The conditions which existed January 1st, 1915, were exactly the same and appropriately called for the same course of action on the part of all parties concerned. It may be that by the terms of the policy payment of a new premium on that day should be regarded as a condition precedent to the right of complainant to renew or extend his insurance; but the conduct of the company in making settlements with complainant by exchange of receipts after the premium due day, without objection, for the preceding three years, in exactly similar circumstances, can be only properly regarded as a waiver of any contractual right it may otherwise have had to forfeit the right of complainant to renew or continue his policy. The circumstance that during the three preceding years complainant had received notice from the company where to exchange receipts and received no notice for the last year is not without like force, but, irrespective of the failure of the company to give that notice, it seems clear that complainant was fully justified by the former course of dealing in assuming that no forfeiture of his right to renew his policy would be exacted by reason of his delay in making settlement. This is especially so in view of the circumstance that no injury to the company could arise by reason of its being denied the money due as a premium.

The question of waiver of a contractual right of forfeiture by reason of the conduct or course of dealing of the party enjoying the right has given rise to a great diversity of views in insurance cases. Many cases will be found collected in *2 May Ins.* §§ *358, 361, 363,* and *19 Cyc. 789, 801.* The rule is stated in *19 Cyc. 789,* as follows:

"It may be stated as a general rule that the insurer is deemed to have waived the performance of conditions precedent or subsequent when in good conscience he ought not to be heard to assert them, as when by reason of his conduct he has led the insured to believe that they would not be insisted upon."

The rule thus broadly stated may perhaps be doubted when applied to acts or conduct contemporaneous with the execution of the contract; but cannot be doubted as a sound principle of equity when applied to future acts.

Somewhat analogous situations have arisen in this state in mortgage foreclosures in cases in which the condition of the bond authorized the mortgagee to declare the whole debt due by reason of a default in the payment of an interest installment. These provisions are treated as stipulations for a period of credit on condition of prompt interest payment, rather than as clauses of forfeiture (*Spring* v. *Fisk, 21 N. J. Eq. 175, 178; Bergman* v. *Fortescue, 74 N. J. Eq. 266, 269*), but our court of errors and appeals has held that if the default or omission to pay interest within the time specified was the result of honest mistake or misapprehension, into which the mortgagor was led by the acts or declarations of the mortgagee, a court of equity will not, under such circumstances, hold the failure to pay operative as a forfeiture of the future credit. *DeGroot* v. *McCotter, 19 N. J. Eq. 531.*

I will advise an order denying defendant's motion.